## Case No. 1,975.

### In re BROWN.

[5 Ben. 1; [1] 3 N. B. R. 584 (Quarto, 145).]

District Court, S. D. New York. Jan. 21, 1870.

#### PROOF OF DEBT—JUDGMENT.

A debt, on which a judgment has been entered against the bankrupt after the commencement of the bankruptcy proceedings, may be proved in such proceedings. The case of In re Williams [Case No. 17,704] dissented from.

[Cited in Re Vickery, Case No. 16,930; Re Crawford, Id. 3,363; Re Stevens, Id. 13,-391; Re Mansfield, Id. 9,049; Re Rosey, Id. 12,066; Burpee v. First Nat. Bank of Janesville, Id. 2,185; Re Broich, Id. 1,921; Re Stansfield, Id. 13,294; Bourne v. Maybin, Id. 1,700. Cited but not followed in Re Gallison, Id. 5,203; Boynton v. Ball, 121 U. S. 466, 7 Sup. Ct. 983.]

In bankruptcy.

---

[2] [From 3 N. B. R. 720.]
[3] [From 3 N. B. R. 178 (Quarto).]

[4] [From 3 N. B. R. 720.]
[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[Statement of Jacob Lisk:

["To Hon. Theodore B. Gates, Register, etc., etc.: Application is hereby made to you by Jacob Lisk, a creditor of the estate of Stephen Brown, declared a bankrupt on his own petition, through James W. Hisurd, his attorney, to prove the sum of two hundred and seventy dollars and fifty cents ($270.50), being the amount, exclusive of costs, recovered against the said Stephen Brown by judgment on the 19th day of January, 1870. That no execution has been issued on such judgment, nor no steps taken toward the collection thereof since its recovery. That such judgment was recovered in good faith and with no intent to hinder or delay the operation of the bankrupt act. That the said creditor does not ask to prove any claim for costs on said judgment, but simply the amount of the original debt. That the action was commenced on the 25th day of December, without any notice; and before any proceedings in the court of bankruptcy had been instituted. Upon the grounds and for the above reasons, the creditor claims and respectfully insists that he be permitted to prove the amount of the original indebtedness, on having the judgment canceled, and that to your certificate to the court you will please annex this application. Dated Coxsackie, February 10th, 1870. Jacob Lisk, Creditor. By James W. Hisurd, Attorney."] [2]

The register in this case presented to the court a certificate as follows:

"Jacob Lisk, a judgment creditor of the above-named bankrupt, applied for leave to prove his judgment, under the proceedings in bankruptcy. I declined to take the proof, upon the ground that the judgment was not provable. Thereupon the creditor filed a statement, and requested that the question be certified to the court.

"Brown was adjudicated a bankrupt on the 21st day of December, 1869. From the statement of Lisk, it appeared that his action was commenced on the 25th day of December, 1869, and that judgment was entered on the 19th day of January, 1870. I presume the judgment was recovered upon a debt which existed at the date of adjudication, although the statement fails to say it. Assuming that the debt existed at the date of adjudication of bankruptcy, the question is, whether the suit and judgment in the state court divested the debt of its provable quality, in these bankruptcy proceedings. I declined to take proof of the debt, in view of the construction that has been given to the first clause of section 19 of the bankrupt law [14 Stat. 525]. It was held, in Re Williams [supra], that where a judgment is rendered after the commencement of proceedings in bankruptcy, upon a debt which existed before that time, neither

[2] [From 3 N. B. R. 584 (Quarto, 145).]

the debt nor the judgment is provable. The debt is merged in the judgment, and the judgment did not exist at the time of the adjudication of bankruptcy."

BLATCHFORD, District Judge. I do not concur in this view. I have examined the decision of the district court for the district of Connecticut, in the case of In re Williams [supra], and am compelled to dissent from it. The point ruled in it is, that where a judgment is recovered against a bankrupt after an adjudication of bankruptcy against him, on a debt which existed against him prior to such adjudication, the debt is so merged in the judgment that it cannot be proved in bankruptcy, and the judgment cannot be proved because it was not an existing debt at the time of the adjudication. The theory is, that the debt was so merged as to be extinguished, and that the judgment constitutes a new debt which takes date from the time of its recovery. There is no doubt of the correctness of this principle as respects proceedings in ordinary cases against the debtor or his property, but it has no applicability under the bankruptcy act. The 19th section of the act [14 Stat. 525] declares that all debts due and payable from the bankrupt at the time of the adjudication of bankruptcy, and all debts then existing but not payable until a future day, may be proved against the estate of the bankrupt. If the debt in this case existed at the time of the adjudication it is provable, although the judgment is not provable, as such, because it did not then exist. The debt has never been paid or satisfied. This must be the proper construction under the act, or the provisions of section 21 of the act are nugatory. That section provides that where a suit is pending by a creditor against a bankrupt for a debt or claim, if the amount due the creditor, that is, the amount due the creditor on or for the debt or claim, is in dispute, the suit may, by leave of the bankruptcy court, proceed to judgment for the purpose of ascertaining the amount due, that is, the amount due on or for the debt or claim, and that such amount may be proved in bankruptcy. The judgment, as such, is not to be proved, but the amount of the debt or claim, as it stood at the time of the adjudication, is to be proved. If the fact of obtaining the judgment extinguishes the debt, the amount of the debt could not be proved. I think the clear intent of the act is that the recovery of a judgment after the adjudication, on a debt which existed at the time of the adjudication, shall not affect the provability of the debt. If it were otherwise, a great hardship would be worked in many cases. A creditor might, in ignorance of the adjudication, go on and obtain a judgment for his debt, and then find himself deprived of the power of proving either his debt or his

judgment. I think the debt in this case, if it existed at the time of the adjudication, is provable.